**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| OWEN D. BRUCE,<br><br>Plaintiff,<br>v.<br><br>SEAN DUFFY, Secretary, Department of Transportation,<br><br>Defendant. | ) | Civil Action No. 26-2858 (RBW) |

**ORDER**

The plaintiff has moved for the appointment of counsel to represent him in this employment discrimination case. Generally, plaintiffs in civil cases do not have a constitutional or statutory right to counsel. See Willis v. F.B.I., 274 F.3d 531, 532-33 (D.C. Cir. 2001). However, if a plaintiff is proceeding in forma pauperis, the Court may appoint counsel under 28 U.S.C. § 1915(e)(1), but it is not obliged to do so unless the plaintiff demonstrates that such exceptional circumstances exist that the denial of counsel would result in fundamental unfairness. See Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986). "Whether exceptional circumstances exist requires an evaluation of the type and complexity of each case, and the abilities of the individual bringing it." Id.; see LCvR 83.11(b)(3) (listing factors to consider).

In a Title VII action such as this case, the Court may appoint counsel "[u]pon application by the complainant and in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5 (f)(1). In reviewing the application, the Court should consider "(1) the ability of the plaintiff to afford an attorney; (2) the merits of the plaintiff's case; (3) the efforts of the plaintiff to secure counsel; and (4) the capacity of the plaintiff to present the case adequately without aid of counsel." Ficken v. Alvarez, 146 F.3d 978, 979–80 (D.C. Cir. 1998) (quoting Poindexter v. FBI, 737 F.2d 1173, 1185 (D.C. Cir. 1984)). Although the plaintiff represents that he is unable to

afford an attorney, it is too early in the proceedings for the Court to adequately assess the merits of the plaintiff's case. Indeed, the defendant has not yet been served with a copy of the Complaint and has not filed any responsive pleadings. Accordingly, it is hereby

**ORDERED** that the plaintiff's Motion for Appointment of Counsel is **DENIED WITHOUT PREJUDICE**.[1]

**SO ORDERED** this 27th day of October, 2026.

REGGIE B. WALTON
United States District Judge

[1] Once the defendant has been served with the plaintiff's Complaint and has responded to it either by filing a motion to dismiss or an Answer, the plaintiff may again petition the Court for the appointment of counsel. And, in the event the plaintiff renews his request, he must address the four factors identified in Ficken v. Alvarez, 146 F.3d 978, 979–80 (D.C. Cir. 1998).